Anahit HARUTYUNYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–72543.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 24, 2007.

Yeznik O. Kazandjian, Esq., Glendale,
CA, for Petitioner.

District Director, Office of the District
Counsel, Department of Homeland Securi-
ty, Los Angeles, CA, Ronald E. Lefevre,
Chief Counsel, Office of the District Coun-
sel, Department of Homeland Security,
San Francisco, CA, Joan E. Smiley, Esq.,
DOJ–U.S. Department of Justice Civil
Div./Office of Immigration Lit., Joan I.
Oppenheimer, Esq., DOJ–U.S. Depart-
ment of Justice Tax Division, Washington,
DC, for Respondent.

Before: PREGERSON, REINHARDT,
and TASHIMA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.

## MEMORANDUM **

Anahit Harutyunyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see* INS v. Elias–Zacarias, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant in part and deny in part the petition for review.

█ Substantial evidence does not support the IJ's credibility determination as Harutyunyan was not given an opportunity to explain the discrepancies in her testimony. *See Guo v. Ashcroft,* 361 F.3d 1194, 1200 (9th Cir.2004).

Moreover, the record compels the conclusion that the harms Harutyunyan suffered on account of her political opinion rise to the level of persecution. *See Lopez v. Ashcroft,* 366 F.3d 799, 803 (9th Cir. 2004) (holding that being tied up and left to die by guerrillas, coupled with death threats amounted to past persecution even if medical treatment was not sought). Because Harutyunyan established past persecution, she is entitled to presumptions of a well-founded fear of future persecution and of eligibility for withholding of removal. *See* 8 C.F.R. §§ 208.13(b)(1); 208.16(b)(1)(i). Further, because the government has not made any arguments concerning the changed country conditions to rebut the presumption of a well-founded fear of persecution, we decline to remand to give them another opportunity to do so. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1073 n. 11 (9th Cir.2004). However, because the decision to grant asylum is discretionary we remand for a determination of whether Harutyunyan should be granted asylum. *See* 8 U.S.C. § 1158(b)(1).

█ Substantial evidence supports the IJ's conclusion that Harutyunyan did not establish it is more likely than not she would be tortured if returned to Armenia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Therefore, we deny the petition for review as to Harutyunyan's CAT claim.

We remand to the BIA with respect to Harutyunyan's asylum and withholding of removal claims.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; REMANDED.**

**Pedro Barron ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–73490, 05–76686.**

United States Court of Appeals, Ninth Circuit.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted May 16, 2007.*

Filed May 24, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq., P. Michael Truman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.